(No. 83-CV-0900–

*In re* APPLICATION OF LUCILLE GARRETT.

*Opinion filed January 11, 1984.*

LUCILLE GARRETT, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim arises out of an incident that occurred on February 13, 1983. Lucille Garrett, mother of the deceased victim, Dorothy Lang, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on March 28, 1983, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased daughter, Dorothy

Lang, age 45, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: reckless homicide (Ill. Rev. Stat. 1979, ch. 38, par. 9—3).

2. That on February 13, 1983, the victim's body was found on the street at 649 East 46th Street, Chicago, Illinois. The victim was pronounced dead on arrival at Provident Hospital. The medical examiner determined that the victim had been struck by an automobile and ruled the death a homicide.

3. That the Claimant seeks compensation under the Act for funeral expenses only. The Claimant was not dependent upon the victim for support.

4. That according to section 10.1(c) of the Act, a person related to the victim is eligible for compensation for funeral expenses for the victim provided that such expenses were paid by him. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(c).

5. That the Claimant incurred funeral and burial expenses in the amount of $1,751.00.

6. That the Claimant has complied with all pertinent provisions of the act and qualifies for compensation thereunder.

7. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal social security payments payable to dependents of the victim and the

net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(c).

8. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

9. That the Claimant is over 65 years of age and therefore, pursuant to section 10.1(e) of the Act, she is exempt from the $200.00 deductible.

It is hereby ordered that the sum of $1,751.00 (one thousand seven hundred fifty-one dollars) be and is hereby awarded to Lucille Garrett, mother of Dorothy Lang, an innocent victim of a violent crime.